IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FATOUMATA BOIRO,
    *Plaintiff*,

v.

AROMA RESTAURANT & LOUNGE, LLC, *et al.*,

    *Defendants*

Civil Action No. AAQ-23-1464

**MEMORANDUM OPINION**

    Between approximately October 2022 and April 2023, Plaintiff Fatoumata Boiro worked as a general manager at Aroma Restaurant & Lounge ("Aroma"), in Bowie, Maryland. She filed this action against Aroma as well as its owner Ekpo Umoh (collectively, "Defendants") in May 2023, alleging unpaid wages and unlawful retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.*, ("FLSA") and analogous state law. The parties settled the action, and have now filed a joint motion for approval of their settlement agreement. *See* ECF No. 22 ("Jt. Mot."). Because the proposed settlement terms are fair and reasonable, and resolve a *bona fide* dispute between the parties, the motion will be granted.

**I.    BACKGROUND**

    According to Ms. Boiro's complaint, Defendants failed to pay Ms. Boiro "as and when due," ECF No. 1 ("Compl.") ¶¶ 22-24, 39, and then terminated Ms. Boiro in reprisal for her "continued complaints about payment of her own wages; her complaints about payments of the wages and tips of all other employees; and her complaints about other illegal operations of the Defendants." *Id.* ¶ 45. Based on these allegations, she asserted claims under the FLSA, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq*.

Although Ms. Boiro's complaint made reference to employees other than Ms. Boiro, *see, e.g.*, Compl. ¶ 22, her causes of action and the settlement address only claims on behalf of Ms. Boiro individually. Defendants deny Ms. Boiro's claims. As set forth in Defendants' motion to dismiss, which the parties agreed to stay pending settlement discussions, Defendants contend that she was paid in full for all hours worked, and was terminated for performance-related reasons. *See, e.g.*, ECF No. 10-1 at 5-7.

The parties engaged in a settlement conference in December 2023, and successfully resolved their dispute. They filed the now-pending joint motion about a month later, along with a copy of their proposed settlement agreement. ECF No. 22-1 (the "Agreement"). The Agreement provides that, subject to the Court's approval, Defendants will pay Ms. Boiro a gross settlement amount of $20,000 in exchange for a release, including release of all the asserted claims and incurred expenses of this lawsuit, including attorneys' fees and costs. *Id.* at 1. With certain exceptions, including "any [c]laims that cannot be released as a matter of law," the parties have consented to release each other "from any and all suits, causes of action, complaints, obligations, demands, or claims of any kind." *Id.* at 2. The Agreement also purports to require confidentiality as to its terms and conditions (although the parties jointly filed the agreement on the public docket), and contains a non-disparagement clause precluding either party from making "defamatory, derogatory or unfavorable remarks" about the other. *Id*.

## II.    DISCUSSION

Congress enacted the FLSA to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill effects of unequal bargaining power, the FLSA only permits "settlement or compromise over alleged

FLSA violations" where there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not established a definitive rubric for determining the propriety of a FLSA settlement, but district courts in this circuit have adopted the considerations set forth in the Eleventh Circuit's *Lynn's Food Stores* case. *See*, *e.g.*, *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014). Under this approach, the Court determines whether a settlement provides "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Courts first confirm that there are FLSA issues "actually in dispute," *id.* at 1354, by reviewing the pleadings and "the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *16-17 (E.D.Va. Sept. 28, 2009)). Next, courts assess the fairness and reasonableness of a settlement itself, which involves considering all relevant factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are usually satisfied if there is an "assurance of an adversarial context," and the employee is "represented by an attorney who can protect [his or her] rights under the statute." *Duprey*, 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354). Finally, the Court evaluates the reasonableness of any attorneys' fees awarded in connection with the settlement of FLSA claims. *Lane v. Ko-Me, LLC*, No. Civ. No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011).

A.   ***Bona Fide* Dispute**

The parties stipulate in their joint motion that a *bona fide* dispute exists; they acknowledge that further litigation could result in a range of outcomes, from dismissal without recovery to a substantial monetary verdict. *See* Jt. Mot. at 3. The parties are genuinely at odds over several issues, including whether Defendants owe Ms. Boiro any unpaid wages, the reason Ms. Boiro's employment was terminated, and whether Defendants acted in good faith. *Id.* Defendants expressly deny "engaging in any wrongdoing or any unlawful conduct," Agreement at 1, and, as noted above, prior to the settlement recounted a version of facts that conflicts with those alleged in the complaint. *See* ECF No. 10-1 at 2-4. The parties' disagreement about material facts and controlling issues confirms there is a *bona fide* dispute between them.

B.   **Fairness and Reasonableness of Settlement Terms**

As noted above, the proposed settlement entails a $20,000 payment by Defendants, of which $12,000 would go to Ms. Boiro, in several installments (and which would be treated as wage payments and reported on a Form 1099) and $8,000 would constitute attorneys' fees and costs, also in several installments. *See* Agreement ¶ 1. The deadline for Defendants' final payment is April 15, 2024. *Id.* ¶ 1(c)(4). The settlement also requires Ms. Boiro to return two

company devices. *Id.* ¶ 5(a). And both parties agreed to certain non-disparagement and confidentiality obligations, along with a general release and other standard settlement terms. *Id.* ¶ 5(b)-(c).

The proposed settlement agreement appears to be a fair and reasonable compromise of the *bona fide* dispute. The parties jointly represent that an informal exchange of information has given them ample opportunity to assess the merits of their respective positions. *See* Jt. Mot. at 3-4. The settlement conference provided a further opportunity for the parties to exchange information and positions and reach a reasonable compromise. The parties conclude that settlement at this stage of the proceedings is in their best interests, and aligns with their mutual desire to avoid the time, expense, and uncertainty of further litigation. *Id.* at 4. Both parties are represented by competent counsel, and there is no evidence that this settlement is the product of fraud or collusion. *See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

As for the settlement amount, both sides agree that the proposed sum and disbursement schedule is "fair, reasonable, and resolve[s] a bona fide dispute between the [p]arties with respect to liability and damages." Jt. Mot. at 3. They also stipulate that the figures are "reasonable in light of existing circumstances at the time of the making of [the] Agreement." Agreement at 3. Accordingly, the Court is satisfied that the settlement amount "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

Although general release language can render a FLSA settlement agreement unreasonable, *see Duprey*, 30 F. Supp. 3d at 410 (citing *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010)), the parties' release in this case is appropriate under the circumstances. Ms. Boiro will be "compensated reasonably for the release executed," particularly

5

in light of the *bona fide* disputes in this case, and the Court need not consider the "reasonableness of the settlement as to the non-FLSA claims." *Duprey*, 30 F. Supp. 3d at 410. *See also Gue v. Shree Pashuapati Corp.*, No. DKC-21-cv-44, 2021 WL 2414866, at *1 (D. Md. June 14, 2021), at *1 (approving settlement agreement despite inclusion of general release language); *Lee v. Ex-Exec Lube, LLC*, No. DLB-19-cv-3195, 2021 WL 1117274, at *1 (D. Md. Mar. 24, 2021) (same).

Nor does the Agreement language restricting disclosure of its terms render the proposed settlement unreasonable. Confidentiality clauses are generally "not permitted without compelling reasons." *Salamone v. Balt. Diamond Exch., Inc.*, No. JKB–14–1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014) (citing *Carpenter v. Colonial Mgmt. Grp.*, LP, No. JKB–12–686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012)). Here, however, the Agreement "is filed as a matter of public record," such that the confidentiality clause "is of no practical effect." *Id*.

Upon consideration of the relevant factors, the Court finds the settlement to be fair and reasonable.

### C.   Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See, e.g.*, *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). When the Court calculates an award of attorneys' fees, it generally must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See id.* at 348. "[A]n attorneys' fee award negotiated pursuant to a contingent-fee arrangement can be approved if the court finds (1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach." *Quevedo v. HBJ, Inc.*, Civ. No. PWG-14-734, 2014 WL 3970173, at *5 (D. Md. Aug.

13, 2014). The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of attorneys' fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, Ms. Boiro's counsel, Lawrence R. Holzman, agreed to accept $8,000.00 for fees and costs. *See* Agreement 1-2. He did not submit his hourly rate or the number of hours that he worked on the case, so as to permit a standard lodestar analysis. The Court, however, finds that the record is adequate to conclude that the agreed-upon fee is reasonable. As for a reasonable hourly rate, Mr. Holtzman has been in practice for over thirty years. *See* Jt. Mot. at 5. Appendix B of this Court's Local Rules provide, with various caveats and limitations, that an hourly rate in the range of $300 to $475 per hour is reasonable for lawyers admitted to the bar for twenty years or more. *See* U.S. District Court, District of Maryland, Local Rules, Appendix B § 3 (D. Md. Jul. 2023). At the high end of that range, a fee award of $8,000 would compensate for 16.8 hours of work. Here, the settlement conference, which took place in person at the courthouse, alone lasted approximately six hours. In addition, to litigate this case to this point Mr. Holtzman prepared and filed the complaint, ECF No. 1; negotiated, prepared, and filed the parties' motion to stay, ECF No. 12; prepared Ms. Boiro's pre-settlement conference submission; negotiated the settlement agreement, ECF No. 22-1; and prepared and filed the joint motion for approval of the settlement,

*see* Jt. Mot. at 5—in addition to any time spent preparing for the settlement conference and counseling Ms. Boiro throughout the case. Moreover, counsel represents that the $8,000 fee award reflects substantially less than the fee he would have been paid if compensated based on his standard hourly rate over the course of the actual hours he spent on the case. *Id.* For these reasons, the Court finds the attorneys' fees and costs are fair and reasonable.

### III.  CONCLUSION

For the reasons stated above, the parties' joint motion for final approval of the settlement will be granted. A separate order will follow.

Date:  February 29, 2024                                      /s/
                                                                            Adam B. Abelson
                                                                            United States Magistrate Judge